# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

**Civil Action No.**

**PAUL GABE, JR.**

    Plaintiff,

v.

**VALUE INSURANCE M.G.A., LLC,
DANIEL FEIGENBAUM, individually,
COLLEGE TRADER CO., HEDA
VERTES, individually, and SUNSHINE
2125, INC.**

    Defendants.
_____/

## COMPLAINT

1. This action is brought by Paul Gabe, Jr. (hereinafter "Plaintiff") for purposes of obtaining relief under the Federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA") for unpaid compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Simultaneously, Plaintiff asserts Florida state law claims under the theories of breach of contract, quantum meruit and unjust enrichment.

## JURISDICTION AND VENUE

2. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b), 217, and 28 U.S.C. §§1331, 1367.

3. The Court has supplemental jurisdiction over the common law unpaid wages claims because the facts regarding the state law claims are so related to the Federal claims that they form part of the same case or controversy.

4. This court is the proper venue pursuant to 28 U.S.C. §1391(b) because the Defendants reside in this jurisdiction and the acts and events giving rise to the causes of action alleged herein all took place within this Court's jurisdictional boundaries.

5. Further, 29 U.S.C. § 216(b) allows for venue in any court of competent jurisdiction over FLSA violations.

6. Defendants are subject to the jurisdiction of this Court.

## PARTIES

7. Defendant, Value Insurance M.G.A., LLC (hereinafter "Value Insurance") is a corporation organized under the laws of the State of Alabama, but having a principal place of business at 18851 NE 29th Avenue, Suite 500, Aventura, Florida 33180.

8. Value Insurance is, and at all relevant times has been, the employer of Plaintiff within the meaning of 29 U.S.C. §203(d) and is not exempt under the FLSA.

9. Value Insurance is, and at all relevant times has been, engaged in interstate commerce.

10. Plaintiff is *sui juris* and a resident of Broward County, Florida.

11. Plaintiff has been employed by Value Insurance from approximately July 2018 through present, as of the date of this Complaint.

12. Plaintiff works for Value Insurance from his home in Broward County, Florida.

13. Plaintiff is, and at all relevant times has been, engaged in interstate commerce by virtue of his position with Value Insurance.

14. Defendant, Daniel Feigenbaum (hereinafter "Feigenbaum"), is *sui juris* and, upon information and belief, a resident of Miami-Dade County, Florida.

15. Feigenbaum is the Vice President of Value Insurance and oversees its operations, including setting compensation paid to Value Insurance's employees, approving vacation and time off requests, and hiring or firing employees.

16. Feigenbaum hired Plaintiff and set his compensation.

17. Feigenbaum, at all relevant times, was an employer acting directly or indirectly in the interest of Value Insurance.

18. Defendant, College Trader Co. (hereinafter "College Trader"), is a Florida Profit Corporation with its principal address at 18851 NE 29th Avenue, Suite 500, Aventura, Florida 33180 – the same address as Value Insurance's principal address.

19. Feigenbaum is the President, Secretary, Treasurer, and Director of College Trader.

20. College Trader is a Class A Member of Value Insurance, holding a 42% interest, and is also the managing member of Value Insurance.

21. College Trader, through Feigenbaum, manages Value Insurance, including its business, property, and other affairs.

22. As College Trader maintains oversight and direction of Value Insurance's employees, as well as control of pay practices, College Trader is an employer acting directly or indirectly in the interest of Value Insurance.

23. Defendant, Heda Vertes (hereinafter "Vertes"), is *sui juris* and, upon information and belief, a resident of Miami-Dade County, Florida.

24. Vertes is the Secretary of Value Insurance.

25. Vertes actively participates and influences the business operations of Value Insurance through her close relationship with Feigenbaum, who is her son.

26. Vertes maintains oversight and direction of Value Insurance's employees, as well as control of pay practices.

27. Vertes, at all relevant times, was an employer acting directly or indirectly in the interest of Value Insurance.

28. Defendant, Sunshine 2125, Inc. (hereinafter "Sunshine"), is a Florida Profit Corporation with its principal and mailing addresses at 18851 NE 29th Avenue, Suite 500, Aventura, Florida 33180 – the same address as Value Insurance's principal address.

29. Vertes is the Director, President, and Treasurer of Sunshine. Feigenbaum is the Secretary of Sunshine.

30. Like College Trader, Sunshine is a Class A Member of Value Insurance, holding an identical 42% interest to College Trader, and shares in the voting, advisory, and management rights with respect to Value Insurance.

31. As Sunshine holds a controlling equity share of Value Insurance, and maintains oversight and direction of its employees, as well as control of pay practices, Sunshine is an employer acting directly or indirectly in the interest of Value Insurance.

## FACTUAL ALLEGATIONS

32. Plaintiff began working for Defendants in or around August 2018 as the President and CEO.

33. Value Insurance is a managing general agent for a large multistate insurance company. In this role, Value Insurance acts as the agent and on behalf of the insurance company in nearly all aspects of business, including the appointment and supervision of agents, underwriting, accounting, and claims handling.

34. In his role as President and CEO of Value Insurance, Plaintiff assisted in the formation of Value Insurance, as well as growing it within the private passenger automobile risk entity business. Plaintiff also carries out many of the operational aspects of Value Insurance, including claims handling and product

management.

35. In exchange for his services, Plaintiff was compensated on a salary basis of $250,000 per year, paid bi-weekly in amounts of approximately $9,615.38.

36. In or around May 2021, the Defendants began struggling to meet the company's payroll.

37. Since the pay period beginning May 19, 2021, Defendants have not paid Plaintiff a cent of his agreed-upon salary.

38. Plaintiff continues to carry out his responsibilities on the promise that pay would be resumed.

39. Plaintiff has continued to work diligently to, among other things, ensure that claims are handled properly, external audits are passed, and Value Insurance remains viable. However, Defendants have failed to pay Plaintiff any portion of his agreed upon salary since the pay period which commenced May 19, 2021.

40. The unlawful withholding of Plaintiff's entire salary has continued through present day ("the pertinent pay periods").

41. Plaintiff has retained the undersigned to represent her in this action and has agreed to pay a reasonable fee for those services.

### COUNT I – VIOLATIONS OF THE FLSA, 29 U.S.C. §§ 206, et seq., AS TO ALL DEFENDANTS

42. Plaintiff hereby realleges paragraphs 1-41 as though fully set forth herein.

43. The FLSA contains an implicit requirement that wages be paid promptly when due; thus wages are unpaid under the FLSA unless they are paid on an employee's regular payday.

44. No FLSA exemption applies for periods when Plaintiff received no compensation on a regular basis. 29 C.F.R. § 541.602.

45. By engaging in the above-described conduct, Defendants violated the FLSA with respect to Plaintiff.

46. Defendants reduced and unlawfully deducted all salary for the pertinent pay periods, and these unlawful deductions are ongoing.

47. Defendants did not make wage payments to Plaintiff when due, as required by the FLSA, for the pertinent pay periods.

48. Defendants' failure to pay wages when due is willful and intentional.

49. As a direct and proximate result of the above-described conduct, Plaintiff has suffered, and continues to suffer, lost wages. Plaintiff will continue to suffer these losses in the future.

50. Plaintiff is entitled to an award of his unpaid wages for the time period commencing two years prior to the filing of this Complaint to the date of any final award of unpaid compensation.

51. Plaintiff is also entitled to an award of liquidated damages under the FLSA in an amount equal to his unpaid wages, as well as prejudgment interest,

attorney's fees, and costs, all to be determined at trial.

## COUNT II – BREACH OF CONTRACT AS TO VALUE INSURANCE

52. Plaintiff hereby reallege paragraphs 1-41 as though fully set forth herein.

53. Plaintiff and Defendant are parties capable of entering into a contract.

54. Plaintiff and Defendant voluntarily entered into mutual agreements regarding compensation in exchange for work performed.

55. Such agreements, though not in writing, are enforceable legal contracts.

56. Defendant agreed to compensate Plaintiff a yearly salary of $250,000, payable as $9,615.38 every two weeks for work performed.

57. Plaintiff has performed full-time work for Defendant during the pertinent pay periods, and he continues to do so under the promise of being made whole.

58. Defendant knowingly and intentionally breached said contract by failing to compensate Plaintiff with any of his agreed upon salary for the work performed during the pertinent pay periods.

59. As a direct and proximate result of Defendant's breach, Plaintiff suffered lost wages, lost interest on the wages earned, legal fees, and has been otherwise injured and damaged.

## COUNT III – QUANTUM MERUIT AND/OR UNJUST ENRICHMENT AS TO VALUE INSURANCE

60. Plaintiffs hereby reallege paragraphs 1-41 as though fully set forth herein.

61. Defendant knowingly accepted Plaintiff's services performed in furtherance of his job duties and responsibilities during the pertinent pay periods.

62. Plaintiff had a reasonable expectation of compensation dependent on his longstanding relationship and length of employment with Defendants.

63. Plaintiff is entitled to the reasonable value of his services rendered for Defendants during the pertinent pay periods.

64. Plaintiff's work enriched Defendants at his own expense.

65. Equity and good conscience requires Defendant to make restitution and pay Plaintiff for his services rendered.

66. Defendant's failure to compensate Plaintiff would result in an unjust enrichment forDefendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

    a. Require Defendants to pay each Plaintiff damages for unpaid wages for the weeks at issue in this case, which are still ongoing;

    b. Require Defendants to pay each Plaintiff liquidated damages as provided for under the Fair Labor Standards Act;

  c. Issue a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff;

  d. Require Defendants to pay Plaintiff damages as provided for under the law for Defendants' willful breaches of contract in refusing to pay Plaintiff for his work performed;

  e. Require Defendants to pay Plaintiff restitution under the theories of unjust enrichment and/or quantum meruit for the services Plaintiff performed at his detriment, which enriched Defendants;

  f. Issue a declaratory judgment that Defendants breached each contract in violation of Florida law by refusing to pay Plaintiff for his work;

  g. Issue a declaratory judgment that Defendants were unjustly enriched by Plaintiff's services;

  h. Award each Plaintiff his reasonable attorneys' fees and costs and expenses of suit; and

  i. Provide such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which there is a right to a jury trial.

Dated: January 3, 2022.

        Respectfully submitted,

        **Brenton Legal P.A.**
        *Counsel for Plaintiff*
        1070 E. Indiantown Rd., Suite 400
        Jupiter, FL 33477
        Phone: 954-639-4644

        By: */s/ Travis Beal*
            Travis Beal
            Florida Bar No.: 104890
            tjb@brentonlegal.com
            Christopher A Fennell
            Florida Bar No. 113546
            caf@brentonlegal.com
            Ryan Brenton
            Florida Bar No.: 107675
            rcb@brentonlegal.com